**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-5216

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

WILLIAM ROY COX,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-00878-TLW-1)

Submitted:  September 9, 2010        Decided:  September 23, 2010

Before KING, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, Columbia, South Carolina;   A. Bradley Parham,
Assistant United States Attorney, Florence, South Carolina;
Lanny A. Breuer, Assistant Attorney General, Greg D. Andres,
Acting Deputy Assistant Attorney General, Thomas E. Booth,
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to the terms of his written plea agreement, William Roy Cox pled guilty to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2006). The plea agreement contained a stipulation, pursuant to Fed. R. Crim. P. 11(c)(1)(C), through which the parties agreed that the appropriate sentencing range was 120 to 130 months' imprisonment. At sentencing, the district court rejected the stipulation, but granted the Government's motion for a downward departure based on Cox's substantial assistance. See U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1, p.s. (2008). The district court ruled that it would award a three-level reduction. Without the stipulation but with the departure, Cox's sentencing range was 120 to 150 months' imprisonment. The court continued the hearing to allow Cox to consider whether to withdraw his guilty plea.

Cox ultimately elected not to withdraw his guilty plea. When sentencing reconvened, the district court denied defense counsel's motion for a downward departure pursuant to USSG § 4A1.3(b)(1), p.s., or USSG § 5K2.0, p.s. Counsel next argued in favor of a sentence below Cox's Guidelines range, citing Cox's significant mental health and substance abuse issues; his difficult childhood; and the nature of the offense conduct. The district court rejected these arguments and

2

sentenced Cox to 144 months' imprisonment. This appeal timely followed.

On appeal, Cox asserts his sentence is procedurally unreasonable because the district court failed to adequately analyze the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) (2006) and explain the reasons for selecting this particular sentence. Because counsel relied on several of the § 3553(a) sentencing factors to support her request for a sentence below Cox's Guidelines range, this issue is preserved for appellate review. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Accordingly, this court will review the adequacy of the district court's analysis and explanation for an abuse of discretion, and any error will in turn be reviewed for harmlessness. Id. at 576.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained

3

the selected sentence.  Id.  "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  If the court finds "no significant procedural error," it next assesses the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'"  United States v. Morace, 594 F.3d 340, 346-47 (4th Cir.) (quoting Gall, 552 U.S. at 51), petition for cert. filed, __ U.S.L.W. __ (U.S. July 16, 2010) (No. 09-4007).

We have thoroughly reviewed the record and conclude Cox's claim of Carter error lacks merit.  The district court addressed all aspects of counsel's argument in favor of a below-Guidelines sentence.  Although the court gave Cox's mental health issues and difficult childhood detailed consideration, it ultimately concluded those factors were eclipsed by Cox's extensive criminal history and the severity of his conduct.  The court's recommendation that Cox receive mental health and drug abuse evaluations upon his incarceration further evidences its consideration of these issues.

The court also adequately considered counsel's arguments pertaining to the nature of the offense conduct and

4

Cox's criminal history. The court emphasized that Cox pleaded guilty to robbery, which is a violent offense. The court further noted that Cox had committed other robberies and continued to engage in criminal conduct after periods of incarceration. This recidivism, despite incarceration and supervision, caused the district court "great concern," and properly influenced the determination of Cox's sentence.

This court has explained that the sentencing court "'must state in open court the particular reasons supporting its chosen sentence.'" Carter, 564 F.3d at 328 (quoting 18 U.S.C. § 3553(c)). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations in original), petition for cert. filed, 78 U.S.L.W. 3764 (U.S. June 10, 2010) (No. 09-1512). We are confident the district court did so in this case.

Finally, Cox contends the court failed to address his argument that he was being repeatedly punished for the same criminal conduct. The robbery to which Cox pled guilty also formed the basis for the revocation of his supervised release, for which he was sentenced to time served. Cox served

approximately eleven months in prison in conjunction with that revocation. Cox maintains the district court should have factored this into its determination of his sentence for the substantive offense.

However, Cox's incarceration for his supervised release violation is a separate and distinct punishment. <u>See</u> <u>United States v. Evans</u>, 159 F.3d 908, 913 (4th Cir. 1998). Cox has pointed us to no controlling authority that would mandate the district court to account for that sentence when imposing sentence on the substantive offense, and we have found none. Moreover, the fact that this conduct also constituted a violation of the terms of Cox's supervised release was properly considered in conjunction with the calculation of Cox's criminal history category. <u>See</u> USSG § 4A1.1(d).

For these reasons, we conclude the district court satisfied its obligation under <u>Gall</u> and <u>Carter</u> to evaluate the § 3553(a) sentencing factors, consider the parties' arguments, and explain the sentence it selected for this particular defendant. Accordingly, we affirm Cox's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>